# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

HOVHANNES MARGARYAN,

　　　　Petitioner,

　　v.

WARDEN OF CALIFORNIA CITY
DETENTION FACILITY,

　　　　Respondent.

No.  1:25-cv-01582-EFB

ORDER

Petitioner is a person detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241.  For the reasons set forth below, the writ is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner initiated this action on November 18, 2025, seeking a writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  Petitioner alleges that he is currently detained pending immigration removal proceedings, and has been detained since October 25, 2024, ECF No. 1 at 5, 9, which respondent does not dispute.  ECF No. 7 at 2.  During this time, petitioner alleges, he has not received a bond hearing and he has not received a final hearing on his request for political asylum.  ECF No. 1 at 3, 9.  He raises one claim for relief, that his detention violates his rights to due process under the Fifth Amendment of the Constitution.  *Id*. at 7.

On December 8, 2025, respondent filed an Opposition to the petition.  ECF No. 7.  On December 15, 2025, the district judge reassigned the matter to the undersigned for all

1

proceedings, including final judgment, on the consent of the parties.  ECF No. 10.  Petitioner moved for appointment of counsel on December 18, 2025, ECF No. 12, which the undersigned granted on December 29, 2025.  ECF No. 13.

On January 8, 2026, petitioner filed a motion for temporary restraining order pro se.  ECF No. 16.  By minute order the same day, the undersigned directed respondent to file a responsive pleading, specifically:

> Respondents shall file a written opposition to the pending motion for temporary restraining order (ECF No. 16) by 5:00 PM on January 13, 2026. In that opposition, respondents shall substantively address whether any provision of law or fact in this case would distinguish it from this courts decision in *Morales-Flores v. Lyons*, et al., No. 1:25-cv-01640-TLN-EFB (HC), 2025 U.S. Dist. LEXIS 256842, 2025 WL 3514495 (E.D. Cal. Dec. 8, 2025), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable. Respondents should also state whether they oppose this Court converting the Motion for Temporary Restraining Order to a Motion for Preliminary Injunction. Petitioner may file a reply brief on or before January 15, 2026. If the parties were to jointly agree upon a less demanding briefing schedule, the court will consider the parties proposal. The matter is not set for a hearing though the Court may set one should it later be determined that a hearing is necessary.

ECF No. 17.  Respondent filed an Opposition on January 13, 2026, in which respondent raised no objection to the court resolving the motion for temporary restraining order and merits of the petition on the briefing pending before the court.  ECF No. 18 at 1-2.  On January 15, 2026, petitioner filed a Reply, through counsel, in which he also indicated no objection to that approach. ECF No. 19 at 3.

## LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law.  *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018).  The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence.  *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

## DISCUSSION

As noted, petitioner raises a single claim for relief: that his ongoing detention without a bond hearing violates his due process rights under the Fifth Amendment.  ECF No. 1 at 7.

Preliminarily, the court has jurisdiction over petitioner's claim. In their Opposition to the petition, respondent argue that this court is barred from entertaining petitioner's claim under 8 U.S.C. § 1252(g), which bars federal courts' jurisdiction over "any cause or claim by or on behalf of any alien arising from the decision or action by the [Department of Homeland Security] to commence proceedings, adjudicate cases, or execute removal orders against any alien." The Supreme Court, however, has rejected the expansive interpretation of § 1252(g) urged by respondent. In *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018), the Court held that section 1252(g) only applies "to just those three specific actions themselves" that are listed in the statute, and does not "sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General." Here, petitioner's claim for relief does not challenge the DHS's decision to commence proceedings, adjudicate his cause, or execute a removal order; rather, he finds constitutional error in respondent's apparently groundless decision to detain him apparently indefinitely while it effectuates—or not, given the facts on the record—the commencement of petitioner's proceedings, adjudication of his asylum application, or execution of a removal order. This due process challenge falls squarely in the federal courts' jurisdictional authority which has not been abrogated by the limitations of 8 U.S.C. § 1252(g). *See Jennings*, 583 U.S. at 294; *see also Walters v. Reno*, 145 F.3d 1032 (9th Cir. 1998) (holding 8 U.S.C. § 1252(g) does not deprive federal court of jurisdiction to consider whether the process by which removal was effectuated violated petitioner's Fifth Amendment due process rights); *see, e.g.*, *Lopez Hernandez v. Leanna Lundy, et al.*, No. 1:25-CV-02007-SKO (HC), 2026 WL 102292, at *2 (E.D. Cal. Jan. 14, 2026).

Similarly unavailing is respondent's argument that 8 U.S.C. § 1252(b)(9) forecloses this court's jurisdiction over petitioner's habeas corpus petition. That subsection provides,

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

3

8 U.S.C.A. § 1252(b)(9).  Respondent's position, again, was rejected by the Supreme Court in *Jennings*.  There, the plurality of the justices concluded that § 1252(b)(9) cannot deprive a federal court from considering the petitioners' claims that prolonged detention pending a final removal order violated the petitioners' due process rights.  583 U.S. at 840-41 (plurality opinion of Alito, J.); *see also Cancino-Castellar v. Nielsen*, 338 F. Supp. 3d 1107, 1113 (S.D. Cal. 2018), *aff'd sub nom. Castellar v. Mayorkas*, No. 17-CV-00491-BAS-AHG, 2021 WL 3856488 (S.D. Cal. Aug. 30, 2021).  Respondent does not address this holding, which binds this court, but rather urges the court to instead take the position urged by Justice Thomas in his concurrence in *Jennings*.  *See* ECF No. 7 at 8-9.  The court declines the invitation.  Rather, the court is bound by *Jennings* to conclude that, as there, petitioner's claim that his ongoing detention violates his due process rights is "not asking for review of an order of removal; [is] not challenging the decision to detain [petitioner] in the first place or to seek removal; and [is] not even challenging any part of the process by which their removability will be determined," thus, "[u]nder these circumstances, § 1252(b)(9) does not present a jurisdictional bar."  *Jennings*, 583 U.S. at 294-95.

On the merits of the petition, relief must be granted.  In its January 8, 2026 order, the court directed respondents to address whether any provision of law or fact in this case would distinguish it from the court's decision in *Morales-Flores v. Lyons*, et al., No. 1:25-cv-01640-TLN-EFB (HC), 2025 WL 3552841 (E.D. Cal. Dec. 11, 2025),[1] and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable. ECF No. 17.  In his opposition brief, respondent "agrees that this case is substantially in the same procedural and factual posture, and poses the same questions of law, as this Court's decision in *Morales-Flores v. Lyons, et al.*, No. 1:25-cv-01640-TLN-EFB (HC), 2025 WL 3552841 (E.D. Cal. Dec. 11, 2025)."  ECF No. 18 at 1-2.  As such, petitioner is entitled to relief on the merits of his claim.

---

[1] The court's order inadvertently contained an erroneous Westlaw citation and date of decision.  *See* ECF No. 17.  Despite this, in their briefing, both parties have addressed the applicability of the correct order, *Morales-Flores v. Lyons*, et al., No. 1:25-cv-01640-TLN-EFB (HC), 2025 WL 3552841 (E.D. Cal. Dec. 11, 2025), to the instant case.  ECF No. 18 at 2; ECF No. 19 at 1-2.  The court regrets the error.

4

In *Morales-Flores*, No. 1:25-cv-01640-TLN-EFB (HC), 2025 WL 3552841, petitioner was detained by Immigration and Customs Enforcement pending immigration removal proceedings and sought habeas corpus relief in the district court, alleging that his ongoing detention was unlawful under the Immigration and Nationality Act (INA) and the due process clause of the Fifth Amendment. *Morales-Flores*, No. 1:25-cv-01640-TLN-EFB (HC), 2025 WL 3552841, at *1. While his petition was pending, he moved for a temporary restraining order, which the district court granted. *Id*. at *1, 7. The court concluded that petitioner had shown a likelihood of success on the merits of his first claim, that the INA did not authorize his indefinite detention without an individualized bond hearing, because petitioner was subject to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b). *Id*. at *2-4. The court also concluded that petitioner had shown a likelihood of success on his due process claim, because he had a cognizable liberty interest in being free from detention; the risk of erroneous deprivation of that interest was high; and the government's interest in detaining petitioner without a hearing before a neutral decisionmaker was low. *Id*. at *5-6 (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)). The court granted petitioner's request for immediate release, holding that "[d]ue process thus requires that Petitioner receive a hearing before a neutral decisionmaker that complies with § 1226(a) and related laws and regulations if he is re-detained." *Id*. at *6. Numerous courts have reached the same conclusion on similar due process claims. *See, e.g., Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019); *E.A.P.C. v. Wofford*, No. 1:25-CV-01546-JLT-CDB (HC), 2026 WL 32833, at *8 (E.D. Cal. Jan. 6, 2026); *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Here, petitioner's procedural due process claim is governed, like the petitioner in *Morales-Flores*, by *Matthews v. Eldridge*, 424 U.S. 319 (1976).[2] Under *Mathews*, the court

---

[2] In his petition, petitioner did not specify whether he alleges that respondent's conduct violates his procedural or substantive due process rights, but in his Reply to respondent's Opposition to his Motion for Temporary Restraining Order, petitioner represents that this case is indistinguishable from *Morales-Flores*, which had analyzed a procedural due process claim. *See* ECF No. 19 at 2; *Morales-Flores*, No. 1:25-cv-01640-TLN-EFB (HC), 2025 WL 3552841, at *5-6.

5

considers the petitioner's claim that his Fifth Amendment procedural due process rights by considering three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 334-35*; see also Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989) ("We examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State, . . . the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient"). In his Opposition brief, respondent represents that "this case is substantially in the same procedural and factual posture, and poses the same questions of law, as this Court's decision in *Morales-Flores v. Lyons, et al.*, No. 1:25-cv-01640-TLN-EFB (HC), 2025 WL 3552841 (E.D. Cal. Dec. 11, 2025)." Accordingly, the court finds that petitioner has shown that he possesses a cognizable liberty interest is his non-detention; that the risk of the erroneous deprivation of his liberty is substantial by respondent's failure to hold an individualized bond hearing before a neutral factfinder, compliant with the provisions of 8 U.S.C. § 1226(a), and that the probative value of those additional safeguards is great; that the Government's interest in detaining petitioner without the protections set forth in 8 U.S.C. § 1226 is low; and that the burden of the additional procedures—namely, before detaining petitioner, respondent provide him "notice and a hearing before a neutral fact-finder where respondent show: (a) there are material changed circumstances which demonstrate that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk," *see Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *7—is low. *See Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5-7. For these reasons, petitioner has shown that his current detention violates his rights to procedural due process under the Fifth Amendment. *See Matthews*, 424 U.S. 319.

**CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1) Petitioner's petition for writ of habeas corpus is GRANTED.

2) Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner without a pre-deprivation bond hearing before a neutral adjudicator, who possesses authority to order release, at which the Government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his physical custody is required.

3) Within seven days of the date of this order, the parties shall file a joint status report informing the court of petitioner's custody status.

DATED:  January 23, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE